IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TONMOY S. NASIRI, | ) |
| Plaintiff, | ) |
| v. | ) 1:21CV541 |
| ORANGE COUNTY SHERIFF'S OFFICE, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Defendant Orange County Sheriff's Office's Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry 9.) Plaintiff Tonmoy S. Nasiri did not respond to Defendant's motion.[1] For the following reasons, the undersigned will recommend that Defendant's motion be granted.

**I. BACKGROUND**

The factual allegations concerning this matter revolve around multiple interactions between Plaintiff and others over a six-year period. (*See generally* Complaint, Docket Entry 1.) Plaintiff alleges that on February 26, 2013, he was illegally admitted and held against his will at the University of North Carolina (UNC) Medical Center's psychiatric inpatient unit until his

---

[1] Plaintiff's response to a dispositive motion in another matter was inadvertently filed in this case, apparently due to a mix-up in the case number noted on the brief. (*See* Docket Entry 12.) The Clerk's office has corrected this error by filing the responsive brief in the appropriate case. (*See* Case No. 1:21CV540.)

1

release on March 4, 2013. (*Id.* at 2.)[2] Plaintiff further claims that he signed documentation allowing for voluntary commitment to the hospital, which was subsequently destroyed by UNC personnel and "replace[d] with illegitimate Involuntary Commitment documentation." (*Id.*) After his release, Plaintiff passed numerous background checks and legally purchased several firearms, which he alleges casts doubt on the validity of his previous involuntary commitment status. (*Id.*)

On January 14, 2015, Plaintiff visited the Orange County Sheriff's Office "to give testimony for a police report" related to the 2013 incident. (*Id.* at 3.) While there, a group of Orange County Sheriff's Office deputies produced an Involuntary Commitment affidavit and brought Plaintiff to the UNC Medical Center, where he remained until February 12, 2015. (*Id.* at 3-4.) Plaintiff is adamant that at no time did he shows signs of dangerousness to himself or others, and that the documentation produced by deputies was illegitimate. (*Id.*) Plaintiff also claims that he was deprived of a timely district court hearing because of an ongoing cover up by the UNC Medical Center and Orange County Sheriff's Office. (*Id.* at 4-5.) Moreover, he alleges that the Orange County Sheriff's Office "made up a story where they said the Plaintiff . . . told deputies that he wanted to go on a shooting spree to kill a bunch of people. . . ." (*Id.* at 5.)

After his release, Plaintiff received several months of follow-up treatment in Fayetteville, North Carolina. (*Id.*) Following a series of evaluations, Plaintiff was diagnosed

---

[2] All citations in this recommendation to documents filed with the Court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

with Post Traumatic Stress Disorder (PTSD) and continued treatment until taking a job in Bethesda, Maryland. (*Id.* at 5-6.) He then resumed his treatment in January 2021. (*Id.* at 6.)

Plaintiff further alleges that he initiated a civil suit in 2019 and paid the Orange County Sheriff's Office to serve the complaint. (*Id.*) However, they destroyed the complaint as an alleged cover-up of previous incriminating activity. (*Id.*)

Plaintiff also alleges that on March 7, 2019, he set off to visit a friend in Jackson, Mississippi. (*Id.*) However, after miscalculating his route, Plaintiff returned to North Carolina. (*Id.*) Once in Orange County, Plaintiff pulled over to take a break from driving. (*Id.*) After "about half an hour," three deputies pulled up behind him and engaged in what Plaintiff describes as a "frank yet polite discussion." (*Id.*) The deputies placed Plaintiff in handcuffs and drove him to UNC Medical Center under "illegitimate, illegal, and counterfeit" documentation. (*Id.*)

Plaintiff was then held at the psychiatric emergency room of the UNC Medical Center for the next three days. (*Id.* at 7.) Plaintiff claims that he was subjected to inhumane treatment including the withholding of his medication and denial of access to restrooms, as he was only allowed to relieve himself in a bucket/jug in plain sight of security and staff. (*Id.*) After wounding himself during an attempted escape, Plaintiff met with a psychiatrist who informed him that he would be transferred to Central Regional Hospital in Butner, North Carolina. (*Id.*)

On June 30, 2021, Plaintiff filed the instant Complaint against the Orange County Sheriff's Office asserting both constitutional and state law claims. (*Id.* at 8-17.) Defendant now moves to dismiss this action, claiming that it lacks the legal capacity to be sued. (Docket Entries 9, 10.) Plaintiff did not respond to the motion before the Court.

3

## II. DISCUSSION

As an initial matter, because Plaintiff "fail[ed] to file a response [to Defendant's motion to dismiss] within the time required by [this Court's Local Rules], the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." M.D.N.C. LR 7.3(k*); see also Kinetic Concepts, Inc. v. ConvaTec Inc.*, No. 1:08CV918, 2010 WL 1667285, at *6-8 (M.D.N.C. Apr. 23, 2010) (unpublished) (analyzing this Court's Local Rules 7.3(f), 7.2(a), and 7.3(k) and discussing authority supporting proposition that failure to respond to argument amounts to concession). "Plaintiff's status as a pro se litigant does not excuse his inaction." *Simpson v. Hassan*, No. 1:08CV455, 2014 WL 3547023, at *1 n.4 (M.D.N.C. July 16, 2014) (unpublished). Alternatively, as explained below, the Court should grant Defendant's motion to dismiss for the reasons stated herein.

In considering a motion to dismiss for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must determine whether the complaint is legally and factually sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.; see also Simmons v. United Mortg. and Loan Inv., LLC,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations and

4

quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal,* 556 U.S. at 678, and *Twombly,* 550 U.S. at 557).

Defendant alleges that it lacks the legal capacity to be sued, and therefore the Complaint should be dismissed as a matter of law. (Docket Entry 10 at 1.) "State law dictates whether a government agency has the capacity to be sued in federal court." *Efird v. Riley*, 342 F. Supp. 2d 413, 419-20 (M.D.N.C. 2004) (citing *Avery v. Burke*, 660 F.2d 111, 113-14 (4th Cir. 1981)). In North Carolina, a county is a legal entity that may be sued. *See* N.C. Gen. Stat. § 153A-11. "However, there is no corresponding statute authorizing suit against a North Carolina county's sheriff department." *Parker v. Bladen Cnty.*, 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008). Therefore, a sheriff's office is not a legal entity that can be sued under North Carolina law. *Hargett v. Forsyth Cnty. Sheriff's Office*, No. 1:03CV440, 2005 WL 4542859, at *2 (M.D.N.C. Sept. 29, 2005), *aff'd*, 172 Fed.Appx. 27 (4th Cir. 2006). *See White v. Vance Cnty., N. Carolina*, No. 5:19-CV-467-BO, 2020 WL 943893, at *2 (E.D.N.C. Feb. 26, 2020) (unpublished) (dismissing claims against county sheriff's office that "lacks the legal capacity to be sued"); *Bettis v. Madison Cnty. Sheriff's Dep't*, No. 1:10-CV-69, 2012 WL 161250, at *2 (W.D.N.C. Jan. 19, 2012)

5

(unpublished) (finding that the plaintiff "fail[ed] to present any authority indicating that the [county's sheriff's office] is an entity with the capacity to be sued"); *Cooper v. Brunswick Cnty. Sheriff's Dep't.*, No. 7:10CV14, 2011 WL 738610, *4 (E.D.N.C. Feb. 7, 2011) (unpublished) (noting that "numerous cases have held that sheriff's departments lack the capacity to be sued in the federal courts of this state"); *see also Mobley v. Guilford Cnty. Sheriff's Off.*, No. 1:17CV115, 2017 WL 1409579, at *3 (M.D.N.C. Apr. 20, 2017) (unpublished) (finding that the county sheriff's office and various subdivisions are not subject to suit under § 1983).

Here, Plaintiff has failed to state a cognizable legal claim by naming only the Orange County Sheriff's Office—an entity that lacks the legal capacity to be sued—as a party. Therefore, the Court should grant Defendant's motion to dismiss for failure to state a claim upon which relief may be granted. *See Cooper*, 2011 WL 738610, at *4 ("A complaint which states a claim against a defendant that lacks the capacity to be sued will be dismissed for failure to state a claim upon which relief may be granted.").

### III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendant Orange County Sheriff's Office's Motion to Dismiss (Docket Entry 9) be **GRANTED** and this action be dismissed for failure to state a claim upon which relief may be granted.

_____
Joe L. Webster
United States Magistrate Judge

October 7, 2021
Durham, North Carolina